UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUSAN T. TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:11-cv-1819-RLV |
| ) | |
| SUNTRUST BANKS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **DEFENDANT'S INITIAL DISCLOSURES**

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Defendant's correct name is SunTrust Bank.

(2) Provide the names of any parties whom defendant contends are necessary party to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

None.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Defendant did not terminate Plaintiff because it regarded her as having a disability or because she had a disability under the ADAAA. Plaintiff's employment was terminated because she was absent for nearly two months without leave.

Plaintiff is/was not a qualified individual with a disability under the ADAAA. Further, Plaintiff failed to request that SunTrust accommodate an actual disability. Any requests by Plaintiff were not reasonable accommodations and Plaintiff failed to request any reasonable accommodation.

Plaintiff is not an eligible employee with a serious health condition under the FMLA. At the time of her separation, Plaintiff had exhausted her leave available under the FMLA. Defendant did not prevent Plaintiff from exercising her rights under the FMLA.

Defendant did not take any adverse action against Plaintiff in retaliation for or because Plaintiff exercised her rights under the FMLA. Defendant would have taken the same actions, if any, with regard to Plaintiff's employment regardless of any alleged unlawful motives.

Plaintiff has not experienced losses or damages to the extent claimed or to any extent whatsoever because of any unlawful actions by Defendant. Instead, any

losses or damages were the result of Plaintiff's own performance and behavior. Plaintiff has failed to take reasonable steps to seek other employment or to take any other measures to mitigate her alleged damages.

Defendant expressly reserves the right to supplement these disclosures if and as appropriate and to prove different or additional facts after discovery.

(4)     Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Defendant sets forth the following authorities based on its investigation to date. Defendant expressly reserves the right to supplement these disclosures if and as appropriate and to cite additional authorities in support of its position as this action progresses.

42 U.S.C. § 12111, *et seq.*

29 U.S.C. § 2611, *et seq.*

29 C.F.R. 825.114.

*Spakes v. Broward County Sheriff's Office*, 631 F.3d 1307 (11th Cir. 2011).

*Barker v. R.T.G. Furniture Corp.*, 375 Fed.Appx. 966 (11th Cir. 2010).

*Krutzig v. Pulte Home Corp.*, 602 F.3d 1231 (11th Cir. 2010).

*Martin v. Brevard County Pub. Sch.*, 543 F.3d 1261 (11th Cir. 2008).

*Carlson v. Liberty Mut. Ins. Co.*, 237 Fed.Appx. 446 (11th Cir. 2007).

*Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1306 (11th Cir. 2000).

*Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1365 (11th Cir. 2000).

*Terrell v. USAir,* 132 F.3d 621, 626 (11th Cir. 1998).

*McDonnell-Douglas Corp. v. Green,* 472 U.S. 792 (1973).

*Lamb v. Qualex, Inc.,* 33 Fed.Appx. 49 (4th Cir. 2002).

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of information.  (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A hereto.

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Defendant has not decided whether to present an expert witness at trial but will supplement this response and otherwise make disclosures in accordance with local and federal rules.

(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C hereto.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Not applicable. However, Defendant reserves the right so seek an award of attorneys' fees and/or costs of litigation.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Not applicable.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

None.

Respectfully submitted this 23rd day of September, 2011.

HALL, ARBERY & GILLIGAN LLP[1]

By: *Elizabeth D. Irby*

Warren R. Hall, Jr.
Georgia Bar No. 319405
Elizabeth D. Irby
Georgia Bar No. 140875
3340 Peachtree Road, N.E.
Suite 2570
Atlanta, Georgia  30326
(404) 442-8776 (telephone)
(404) 442-8775 (facsimile)

Attorneys for Defendant,
SunTrust Banks, Inc.

---

[1] Counsel for Defendant certifies that this document has been prepared with one of the font and point selections approved by the court in LR 5.1C.

## Attachment A

## Defendant's List of Potential Witnesses

| Potential Witness | Subjects of Information |
|---|---|
| Susan Tyler (address and telephone number in possession of Plaintiff's counsel) | Interactions with employees of Defendant; various alleged events and occurrences; medical condition. |
| Lynn Gantt Vice President SunTrust Bank (contact through counsel for Defendant) | Interactions with Plaintiff; Plaintiff's performance and actions leading to termination; various policies of Defendant |
| Ruby Ellington H.R. Advisor SunTrust Bank (contact through counsel for Defendant) | Communication(s) with Plaintiff; Plaintiff's attendance, compensation, and benefits; Plaintiff's request for accommodation of her alleged disability; various policies and business operations of Defendant. |
| Aetna Representative(s) Aetna Disability and Leave Management (contact through counsel for Defendant) | Plaintiff's application and denial for short term disability and FML leave through Aetna. |

Defendant also lists all individuals identified in Plaintiff's initial disclosures or in discovery. Defendant reserves the right to supplement or amend this list at any time.

## Attachment C

## Defendant's List of Potential Exhibits

| Potential Exhibits | Location |
|---|---|
| Relevant policies and procedures | Defendant's Atlanta facility |
| Relevant materials from personnel file of Plaintiff, including attendance and performance history, evaluations, corrective actions, termination notice, compensation, and benefits. | Defendant's Atlanta facility |
| Relevant, non-privileged notes and documents from Plaintiff's request for leave of absence, medical leave, and requests and communications regarding same. | Defendant's Atlanta facility |
| Relevant, non-privileged documents reflecting communications with Plaintiff. | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's attendance | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's compensation | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's performance | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's corrective action(s) | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's termination | Defendant's Atlanta facility |
| Documents reflecting Plaintiff's application for disability benefits | Defendant's Atlanta facility |

Defendant also lists all documents, data compilations, and tangible things identified in Plaintiff's initial disclosures or identified or produced in discovery or at any hearing or proceeding in this action. Defendant reserves the right to supplement or amend this list at any time.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 23, 2011, I electronically filed the foregoing Defendant's Initial Disclosures with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Cheryl B. Legare, Esq.
cblegare@buckleyklein.com
Edward D. Buckley, Esq.
edbuckley@buckleyklein.com

        *Elizabeth D. Irby*
        Hall, Arbery & Gilligan LLP

4828-4568-2186, v. 2