UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUSAN T. TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | File No. 1:11-cv-01819-RLV |
| | ) | |
| SUNTRUST BANKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Susan T. Tyler files her Initial Disclosures as follows:

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Cause of action:** This is an action brought under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Tyler's rights, and to make her whole. This is also an action for both interference and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Ms. Tyler

brings this action because, despite her dedicated years of employment and good performance history, SunTrust terminated Ms. Tyler's employment because: (1) SunTrust regarded her as a person with a physical impairment; (2) she had a record of actual impairment; (3) she has an impairment that actually and substantially limits her in one or more major life activities for which she requested a reasonable accommodation; and (4) she requested and took FMLA leave.

**Brief factual outline:**

Ms. Tyler brings this action because, despite her dedicated years of employment and good performance history, SunTrust terminated Ms. Tyler's employment because: (1) SunTrust regarded her as a person with a physical impairment; (2) she had a record of actual impairment; (3) she has an impairment that actually and substantially limits her in one or more major life activities for which she requested a reasonable accommodation; and (4) she requested and took FMLA leave.

Ms. Tyler began employment with SunTrust 1986.  Ms. Tyler resigned from SunTrust in 2000 and was rehired in 2005.  Throughout Ms. Tyler's employment with SunTrust, she was a dedicated hardworking employee who excelled at her job.  At the time of Ms. Tyler's termination on June 12, 2009, Ms. Tyler was employed

by SunTrust as a Production Associate.

Ms. Tyler received several promotions and merit salary increases while employed by SunTrust. Ms. Tyler was consistently rated well in her performance evaluations, most recently receiving a "high meets expectations" defined by SunTrust as "consistently and satisfactorily met very demanding performance expectations."

Ms. Tyler notified her supervisors and managers that she suffered from chronic and disabling clinical depression and asthma. Ms. Tyler was under regular doctors' care for these disabilities and serious health conditions.

In 2008, Ms. Tyler took five periods of intermittent FMLA leave for her depression and asthma. When Ms. Tyler returned to work from one of her periods of leave in December 2008, her depression, anxiety, and asthma continued to be exacerbated by her changing work environment. Ms. Tyler requested an accommodation – specifically that she be permitted to transfer to a less stressful position or be permitted to work a reduced schedule, but her accommodation request was denied.

On April 23, 2009, Ms. Tyler left work early to see her doctor. Ms. Tyler's doctor took Ms. Tyler out of work on medical leave because her condition had

deteriorated. Ms. Tyler applied for FMLA leave and short-term disability through SunTrust's third-party benefits administrator, AETNA.

While Ms. Tyler was out of work on medical leave, she contacted SunTrust daily to keep it apprised of her medical and leave situation. Ms. Tyler signed all documents provided to her by AETNA to allow AETNA to communicate with her doctor about her disability and need for medical leave. AETNA, as an agent of SunTrust, told Ms. Tyler that it would contact her health care providers to obtain the information necessary to certify her work absences. Ms. Tyler's medical provider provided AETNA with the FMLA certification forms on Ms. Tyler's behalf.

On May 4, 2009, Ms. Tyler's health care provider provided Ms. Tyler a letter to send to SunTrust requesting an accommodation for Ms. Tyler's disabilities. Ms. Tyler provided this letter to SunTrust. Ms. Tyler's health care provider again requested that Ms. Tyler be transferred to a less stressful position or that Ms. Tyler be permitted to work reduced hours.

Ms. Tyler spoke with SunTrust's Human Resources Representative, Ruby Ellington, to request assistance with her accommodation request. Ms. Ellington told Ms. Tyler that Ms. Tyler was doing all she could to address her disabilities and

continue working for SunTrust.

Ms. Tyler also spoke with her manager, Lynn Gantt, regarding her request for accommodation. Ms. Gantt told her that her position was a full-time position and that there were no alternatives available to her.

Throughout this time, Ms. Tyler continued to call in on a daily basis, communicating with SunTrust openly and continuously about her disabilities and serious health conditions. Ms. Tyler disclosed her disabilities and serious health conditions to each manager and supervisor to whom she reported. None of Ms. Tyler's supervisors or managers told Ms. Tyler that her job was in jeopardy.

On May 20, 2009, AETNA informed Ms. Tyler that, after receiving information from her doctor, it was denying Ms. Tyler's short-term disability request but that its determination was appealable for 180 days. Upon receipt of the May 20, 2009 letter from AETNA, Ms. Tyler promptly notified SunTrust of her upcoming doctor's visit scheduled for June 10, 2009, and continued to contact SunTrust daily to update it about her situation. At no time did SunTrust tell Ms. Tyler that she needed to immediately return to work and that it refused to provide the accommodations requested by her doctor.

On June 10, 2009, Ms. Tyler contacted SunTrust and told it that her doctor

had released her to return to work on June 15, 2009. Ms. Tyler told her supervisor that she would bring her doctor's not with her on her first day back to work, June 15, 2009. On June 12, 2009, after Ms. Tyler told SunTrust that she would be returning to work on June 15, but before Ms. Tyler could return to work, SunTrust sent a letter to Ms. Tyler terminating her employment.

**Legal Issues:**

1. Whether Plaintiff is a qualified individual with a disability as defined by the ADAAA.

2. Whether Plaintiff could perform the essential functions of her job with or without an accommodation.

3. Whether Defendant failed to accommodate Plaintiff's disability.

4. Whether Defendant regarded Plaintiff as disabled as defined by the ADAAA.

5. Whether Plaintiff had a record of disability as defined by the ADAAA.

6. Whether Defendant discriminated against Plaintiff based on her disability in violation of the ADAAA.

7. Whether Plaintiff had a serious health condition as defined by the

FMLA.

8. Whether Defendant interfered with Plaintiff's rights under the FMLA.

9. Whether Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

10. If Defendant interfered with Plaintiff's rights under the FMLA or retaliated against Plaintiff for exercising her rights under the FMLA, whether Defendant's conduct was willful as defined by the FMLA.

11. To what damages is Plaintiff entitled for Defendant's violations of federal law.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

The Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*; the Americans With Disabilities Act as Amended by the Americans with Disabilities Amendments Act, 42 U.S.C. § 12101 *et seq.* and regulations and case law interpreting the same.

Plaintiff reserves the right to cite relevant cases or statutes in addition to the above list.

(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness lists to Responses to Initial Disclosures as Attachment A.)

*See* Attachment A.

(4)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiff has not yet retained any expert witnesses. Plaintiff will amend this response if and when she does so.

(5)     Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

*See* Attachment C.

(6)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

Plaintiff has not yet determined the amount of her damages, but makes claim for the following categories of damages:

*Actual damages:* Plaintiff seeks back pay in an amount equal to what she would have received but for Defendant's unlawful actions, less appropriate interim earnings and all benefits to which she was entitled as an employee of Defendant. The precise amount of these losses is not known at the present time and continues to accrue. Plaintiff's back pay, to date, not including benefits, raises, or bonuses to which she is entitled is $99,325.

*Reinstatement or front pay:* Plaintiff seeks reinstatement. In the alternative, Plaintiff seeks front pay beginning on the date of a jury verdict in her favor. Plaintiff's front pay will be calculated in this same manner as her back pay, and will also include her employment benefits, plus raises and cost of living increases.

*Compensatory damages:* Plaintiff seeks compensation for non-monetary losses, including emotional distress. Plaintiff will ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate her for the mental pain and suffering endured as a result of the unlawful acts of the Defendant. Counsel is asking for the maximum amount allowed by law.

*Punitive Damages:* Plaintiff seeks punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future. Plaintiff intends to present the question of punitive damages to the discretion of a fair and impartial jury and is seeking the maximum amount allowed by law.

*Liquidated damages:* Plaintiff seeks liquidated damages in an amount equal to her back pay for Defendant's willful violations of the FMLA.

*Attorneys' fees and costs:* Should Plaintiff prevail on her claims, she will seek to recover her reasonable attorneys' fee and costs associated with the litigation. The amount of such fees and expenses increases daily.

At a mutually convenient time and place, Plaintiff will produce for inspection all non-privileged documents in her possession, custody and control which he contends may support her claims for damages. Plaintiff may supplement or amend her damages calculations as discovery progresses.

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

(Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

Any applicable insurance agreement is in the possession of Defendant.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

Not applicable.

Respectfully submitted this 12th day of December, 2011.

>BUCKLEY & KLEIN, LLP

>s/ Cheryl B. Legare
>Georgia Bar No. 038553
>cblegare@buckleyklein.com
>Edward D. Buckley
>Georgia Bar No. 092750
>edbuckley@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
Counsel for Plaintiff

## ATTACHMENT A

| | |
|---|---|
| Susan T. Tyler<br>Plaintiff may be contacted through Buckley & Klein, LLP | Plaintiff has knowledge of her employment and performance with Defendant. Plaintiff also has knowledge of all of the allegations in her Complaint. Plaintiff also has knowledge of her evidence of Defendant's discriminatory intent. Plaintiff should be contacted through her counsel. |
| Ruby Ellington, Human Resources | Knowledge of the policies and procedures of their company, knowledge of the facts set out in Plaintiff's Complaint and facts in support of Defendant's affirmative defenses. |
| Roger Colden, GVP SunTrust | Knowledge of the policies and procedures of their company, knowledge of the facts set out in Plaintiff's Complaint |
| Ken Auchter, VP, Manager | Knowledge of the policies and procedures of their company, knowledge of the facts set out in Plaintiff's Complaint |
| Lynn Gantt, VP, Manager | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Lawanda Harris, AVP, Supervisor | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |

| | |
|---|---|
| Bonnie Langley, Bank Officer, Supervisor | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Donna Riggins, AVP, Supervisor | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Sheila Hamilton, Supervisor | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Brenda Herman | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Ruby Ellington, Human Resources | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Kim Shabazz, Leave Administrator | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Ellen Shellnut, Human Resources/Legal | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Robin Alvarez | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |

| | |
|---|---|
| Melody Woods | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Fred Vidmar | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Sherry Vidmar | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Starr Glisson | Knowledge of Plaintiff's work history and qualifications. Knowledge of the facts set out in Plaintiff's Complaint. |
| Plaintiff's physicians: Dr. James Harvey Dr. Klopper (psychiatrist) Roxanne Groves, PhD/Counselor Capoie Harper, APRM BC | Plaintiff's physicians are believed to have knowledge of Plaintiff's need for FMLA and disability under the ADA. |
| Any witness identified by Defendants in their Initial Disclosures | |
| Individuals identified by Plaintiff or Defendant in discovery. | |

Defendant has contact information for all of its current and former employees. Plaintiff notes that many other individuals may have information that is relevant to this case. Plaintiff expects the identities of these individuals to come to light during the discovery period in this case. Plaintiff reserves the right to alter,

add to, or amend this list of individuals as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

## ATTACHMENT C

Plaintiff's medical records related to her FMLA qualified leave and her disability.

Correspondence received from Defendant and/or its agents.

Documents in support of Plaintiff's mitigation efforts.

Documents produced in discovery by Defendant.

Plaintiff notes that many other documents are relevant to and/or discoverable in this case. Plaintiff expects these to come to light during the discovery period of this case. Plaintiff reserves the right to alter, add to, or amend this list of documents as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said documents in depositions or responses to written discovery requests.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUSAN T. TYLER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | File No. 1:11-cv-01819-RLV |
| ) | |
| SUNTRUST BANKS, INC. ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I electronically filed the foregoing **Plaintiff's Initial Disclosures** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Warren R. Hall
    Elizabeth Day Irby

                                  s/ Cheryl B. Legare
                                  Georgia Bar No. 038553